# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CLARK ANNIS,<br><br>Defendant. | Civil No. 16-195(1) (JRT/KMM)<br><br>**MEMORANDUM OPINION AND ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE** |

Thomas M. Hollenhorst, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for the United States.

Robert Clark Annis, No. 20763-041, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se*.

Robert Clark Annis is currently serving a 120-month sentence after pleading guilty to conspiracy to distribute methamphetamine. Annis requests that the Court reduce his sentence to time-served (approximately 45 months) and grant him compassionate release under the First Step Act. Annis asserts that the current COVID-19 epidemic, in light of his health condition, constitutes an extraordinary and compelling reason to grant him early release from prison. Because Annis did not attempt to pursue administrative remedies before seeking relief at the Court, the Court at this time has no authority to

modify Annis's sentence and will deny the motion without prejudice, meaning that it can be filed again after exhausting administrative remedies.

## BACKGROUND

Annis is a 57-year-old man currently incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"). (Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc.) He has served approximately 45 months of his 120-month term of imprisonment, and his current projected release date is 01/25/2025. (*Id.*) In October 2016, Annis pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. (Plea Agreement, Oct. 25, 2016, Docket No. 42.) In April 2017, he was sentenced to 120 months in prison—the statutory mandatory minimum. (Sentencing Judgment, May 11, 2017, Docket No. 73.)

Annis asserts that he suffers from a depressed immune system and chronic obstructive pulmonary disease (COPD), and that he has reduced lung capacity, high blood pressure, and diabetes. (Emergency Motion for Compassionate Release, Mar. 26, 2020, Docket No. 77.) The Presentence Investigation Report ("PSR") noted that Annis suffers from asthma and COPD, and uses inhalers to treat these conditions. (PSR at ¶¶ 66–67, Dec. 23, 2016, Docket No. 48.)

Annis argues that the ongoing COVID-19 pandemic constitutes extraordinary and compelling circumstances and necessitates compassionate release, because his health

condition and age put him at high risk in prison. The United States opposes the Motion on both procedural and merits grounds.

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat. 5194, 5239. The new law allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release. *Id.*; 18 U.S.C. § 3582(c)(1)(A). However, a defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

It appears that Annis has not made any attempt to utilize the BOP's administrative remedies, and instead that Annis's first request for compassionate release was this Motion. Nor has Annis made any showing that using the administrative process would be futile, or that Annis's "interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (quoting *West v. Bergland*, 611 F.2d 710, 715 (8th Cir. 1979)).

There is no question that COVID-19 is a cause for alarm, and the Court does not fault Annis's concerns, given his health conditions. However, given the scale of the

COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Annis first attempt to use the BOP's administrative remedies.

The Attorney General recently issued new directives to the BOP in light of the COVID-19 epidemic and the recently passed CARES Act. *See* Memorandum for Director of Bureau of Prisons, April 3, 2020, *available at* https://www.justice.gov/file/1266661/download. First, the Attorney General formally found that "emergency conditions are materially affecting the functioning of the Bureau of Prisons" and that as a result, he was expanding the cohort of inmates who can be considered for home release. *Id.* The Attorney General was most concerned with inmates at those institutions where "COVID-19 is materially affecting operations." *Id.* At these facilities, the Attorney General directed the BOP to "immediately review all inmates who have COVID-19 risk factors," not just those who were previously eligible for transfer. *Id.* The memo directs the BOP to immediately process suitable candidates for home confinement, and notes that "time is of the essence." *Id.*

As of April 6, 2020, the BOP is taking action to immediately review all at-risk inmates in all federal institutions, not only those facilities already affected by the pandemic. Thus, although FPC Duluth does not yet have any diagnosed cases of COVID-19, the Court understands that the BOP is nonetheless reviewing prisoners for COVID-19 risk factors and eligibility for home confinement. The Court therefore strongly encourages Annis to make a request for compassionate release or home confinement to

the BOP as he appears to be an at-risk inmate consistent with the Attorney General's memorandum given the nature of his offense, his age, and underlying health conditions. However, until Annis has exhausted these administrative remedies, under current law, the Court may not consider his request.

## CONCLUSION

Because Annis did not exhaust his administrative remedies, the Court has no authority to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court will therefore deny Annis's Motion without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Annis's Emergency Motion for Compassionate Release [Docket No. 77] is **DENIED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 9, 2020 _____
at Minneapolis, Minnesota.   JOHN R. TUNHEIM
Chief Judge
United States District Court